IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ERIN JENSEN**<br><br>　　　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**SEVIER SCHOOL DISTRICT et al.,**<br><br>　　　　　　　**Defendants.** | **ORDER**<br><br>Case No. 2:04CV166 DAK |

　　　　This matter is before the court on Defendants' Motion to Exclude Evidence of Defendants' Discovery Violations. A hearing on the motion was held on October 12, 2005. At the hearing, Defendants were represented by Kirk G. Gibbs and Michael Skolnick. Plaintiff was represented by Erik Strindberg and Ralph E. Chamness. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. The court ruled on various other motions in limine at the hearing, but took this motion under advisement. Since taking the motion under advisement, the court has further considered the law and facts relating to the motion. Now being fully advised, the court renders the following Order.

　　　　Through their motion, Defendants seek to preclude Plaintiff from offering any evidence at trial as to the timing of Defendants' production of (a) the original and revised executive session minutes, (b) different versions of Sevier School District's hiring procedures and guidelines, and (c) different versions of the district's staffing analysis relative to Erin Jensen. Defendants also seek to preclude Plaintiff's counsel from suggesting during the trial that

Defendants concealed the existence of the original executive session minutes, the district's actual hiring procedures and guidelines, or various versions of the district's staffing analysis relative to Erin Jensen. Finally, they seek to exclude attorney-client privileged or work-product materials or testimony that were divulged during the supplemental discovery on the discovery abuse issues.

## DISCUSSION

The court grants in parts and denies in part Defendants' motion. Plaintiff has stipulated that she will not use the Sevier School District's hiring procedures and guidelines at trial, and thus the court need not address issues pertaining to those documents.

As to the different versions of the district's staffing analysis, Plaintiff is entitled to use the different versions at trial, but she may not suggest that Defendants concealed any of the various versions or otherwise discuss the timing of the production of these documents.

As to the executive session minutes, Plaintiff may not refer to the timing of the *production* of the minutes or otherwise suggest that Defendants concealed the original version or the minutes. Plaintiff may, however, address the timing of the *alteration* of the original minutes, the alleged lack of notification to their counsel about the changes, and the alleged failure of Mr. Thorne to offer any testimony in his deposition about the original version of the minutes.

In discussing the timing of the alteration of the minutes, Plaintiff may use Morris Haggerty's Letter Dated June 15, 2004, in *redacted* form. In using this letter, the following instructions apply:

1. After the greeting, "Dear Superintendent Thorne," the entire letter shall be redacted, except for:

(a) the second paragraph on page two, beginning with the sentence, "In this case I believe that the Executive Session minutes regarding Ms. Jensen's release from the School District will create a fact question about mixed motive." The last sentence of the paragraph, however, shall be redacted.

(b) the closing (Sincerely, Morris O Haggerty . . . .). But the bottom of the letter, indicating Mr. Thorne's consent to the Offer of Judgment, shall be redacted.

Additionally, Plaintiff may elicit testimony related to any conversation between Mr. Thorne and Mr. Haggerty about the subject matter of the unredacted paragraph in the Haggerty Letter, but Plaintiff may not suggest anything beyond the unredacted statements made in that letter. For example, Plaintiff may not suggest or imply that Mr. Haggerty believed that Defendants discriminated against Plaintiff, that they would be found liable at trial, or that the minutes were fatal to their defense.

Plaintiff may not use any other attorney-client privileged or work-product materials or testimony that were divulged during the supplemental discovery on the discovery abuse issues, without first seeking permission from the court.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Exclude Evidence of Defendants' Discovery Violations is GRANTED in part and DENIED in part, consistent with the discussion above.

DATED this 13th day of October, 2005.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge